927 F.2d 603
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward CISCO, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1613.
 United States Court of Appeals, Sixth Circuit.
 March 5, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, 89-72940, Feikeus, J.
 E.D.Mich.
 AFFIRMED.
 Before RALPH B. GUY Jr., and BOGGS, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant, Edward Cisco, appeals from the denial of social security disability benefits. Cisco's primary complaint is shortness of breath resulting from mild emphysema and arteriosclerotic heart disease. The decision of the administrative law judge (ALJ) that Cisco could still perform his past relevant work became the final decision of the Secretary after the Appeals Council denied review. On appeal to the district court, the Secretary's decision was affirmed.
 
 
 2
 After our own review of the full record, we conclude that substantial evidence supports the Secretary's decision and affirm.
 
 I.
 
 3
 Cisco, who was born in 1929, worked regularly for General Motors Corporation as a supervisor in the sanitation department from 1963 until 1982. On January 31, 1982, Cisco suffered an acute inferior wall myocardial infarction. Upon discharge from the hospital in February 1982, Cisco began occupational therapy and made good progress, although he experienced some labored breathing that he described as "normal."
 
 
 4
 In March of 1982, claimant underwent heart catheterization, which revealed multivessel coronary artery disease. Cisco subsequently had successful bypass surgery in April of 1982. Postoperatively he progressed well, with normal heart and lung sounds and only mildly elevated blood pressure. Claimant continued to complain of fatigue, however, and took a disability retirement from his job. Clinical tests performed at this time showed normal blood flow wave forms and revealed no problems of ischemic origin.
 
 
 5
 Cisco had a consultive examination by Dr. L. Banerji on March 2, 1983. Blood pressure was normal, but there was a moderate reduction in maximum voluntary ventilation. A treadmill test was performed, and the subsequent EKG was considered normal, albeit with the possibility of left ventricular hypertrophy. A residual functional capacity assessment was made by Dr. Dwight Schroeder on March 24, 1983, which concluded that claimant could perform medium work with limitations on climbing, stooping, kneeling, crouching, crawling, and overhead lifting.
 
 
 6
 Cisco's medical records over the next three years are generally consistent. They reveal normal lung and heart sounds, blood pressure within normal limits, and a mild obstructive ventilatory impairment. EKGs and a 1986 echocardiogram showed moderate impairment of the functioning of the left ventricle. Dr. Bruer, who was one of claimant's treating doctors, opined in March of 1988 that Cisco "would be unable to sustain an eight hour work day." Two additional residual functional capacity assessments were made by state agency physicians in April and May of 1988. Both concluded that claimant was capable of performing medium work.
 
 
 7
 Claimant's own description at the hearing of his normal routine revealed activities consistent with what one might expect of a 60-year old man, retired, and on a limited income. He described a normal home, social, and recreational lifestyle, with the qualification that he tired easily.
 
 II.
 
 8
 Cisco's past employment as a supervisor constituted light work. His job was strictly supervisory, with no physical labor, although it did involve a lot of walking. It is clear that Cisco does have both a cardiovascular impairment and a pulmonary impairment that result in some shortness of breath. Indeed, since he had both of these impairments before his heart attack, he was experiencing shortness of breath while he was still working. From the record one could conclude that, following his bypass surgery, Cisco's cardiovascular problems decreased.
 
 
 9
 The differences in the medical assessments are more in the nature of degree than kind. Everyone agrees there is an impairment, and no one has concluded that there is a total disablement from any activity. It would appear that Cisco has little motivation to return to work. After 20 years with General Motors, he took a disability retirement and has not worked for the last eight years. Thus, by his own doing, he really cannot return to his old job.
 
 
 10
 When a claimant is approaching normal social security retirement age, has already retired from his usual long-time work, is drawing a pension, and is impaired but not totally debilitated, the decision whether to award benefits is frequently a close call. The call, however, is for the Secretary to make, without our second-guessing it, as long as there is substantial evidence in the record on which the Secretary can reasonably rely. As we have said repeatedly, this does not mean that the record may not also contain substantial evidence in support of a claimant's assertions.
 
 
 11
 On balance here, we conclude that there is enough in this record to justify the Secretary's denial of benefits.
 
 
 12
 AFFIRMED.